Green, J.
delivered the opinion of the court.
This is an action of slander. The slanderous words are laid in the declaration to have been spoken of and concerning a *474 suit, wherein Tandy K. Witcher was plaintiff, and Robert Richmond was defendant, in which suit, the plaintiff was sworn as a witness, and did giye evidence on the trial, and in a conversation concerning the^evidence so given, the defendant spoke the following words, fb wit, “Ben Richmond ■ swore a lie and I can prove it.”
The defendant pleaded “not guilty,” and justification. In the plea of justification, the defendant alledges, that in the said suit, it became “a material question to prove that the defendant, the said Robert Richmond, did keep accounts against the said Malvina for articles furnished by said Robert to her while she, said Malvina, lived at the house of said Robert; and the said Benjamin W. Richmond being so produced and sworn, as aforesaid &c. After which, the plea proceeds to set out, and charge the perjury. On the trial the plaintiff proved by J. L. Griffith, that at the appearance term of this cause, the witness had a conversation with the defendant, in which the defendant said, the plaintiff had sued him and that he would plead justification; that he did not regard the suit, as he could prove by two or three respectable citizens, that he had in the suit of himself and wife, against Robert Richmond, sworn alie. . The defendant objected to this evidence, but the objection was overruled.
The court among other things not here objected to, told the jury, “that they had a right to look to the testimony of Griffith, and to any thing that the defendant said after the suit commenced to show, as far as they thought it might have any reasonable tendency to show, whether, in charging the plaintiff with swearing falsely, before this suit commenced, the defendant referred to the testimony given by the plaintiff in the case of the defendant and' wife, against Robert Richmond.”
The jury found for the plaintiff, and assessed his damages to $300. The defendant moved for a new trial, but the *475 court overruled the motion. The defendant then moved in arrest of judgment, because the declaration dofes not state, that the defendant charged the plaintiff with swearing a lie in a matter material'to the matters in controversy between the parties in the suit of Witcher vs. Richmond. The court overruled the motion in arrest, and proceed to render judgment in favor of the plaintiff, from which judgment, this appeal in error, is prosecuted.
1st. The first question is, whether the court erred in refusing to arrest the judgment. It is true, the declaration does not alledge, that the matters about which the plaintiff gave his evidence in the case of Witcher vs. Richmond were material; but in the plea of justification, that allegation is distinctly and fully made. The defect in the declaration, is therefore, cured by the plea. In Cro. Car. 288, it is laid down, that a plea of justification will sometimes cure a defective declaration. The words were, “he is forsworn;” and there was no averment to connect them with a judicial oath; 'but the plea averring, that the words were spoken in reference to a judicial oath, it was held that the defect was cured. 1 Starkie on slander, 421 note g.
2d. It is next objected, that the evidence of Griffith, proving statements of the defendant, made since the commencement of this suit, was incompetent. We think there was no error in admitting this evidence. The words spoken before the commencement of this suit, did not refer with precision, to the case in which the defendant charged the plaintiff with having sworn a lie; and Griffith’s evidence is competent to show the meaning of the defendant in uttering the slanderous words charged in the declaration. 2 Starkie on Slander 49. It was also competent, as an admission by the defendant, that he had spoken the words charged in the declaration.
3d. It is insisted in argument, that there is a variance between the declaration and proof, in the description of the suit, *476 in which the defendant charged that the defendant had sworn falsely; the declaration, describing it as a case between Witch-er and Richmond, and the proof showing that the case was Witcher and wife vs. Richmond. It appears however, that no such variance, in fact, is shown by the record. Although the style of that suit, as sometimes stated, in the bill of exceptions is, Witcher and wife vs. Richmond, yet the warrant in that suit, that was given in evidence, is, that the defendant answer Tandy K. Witcher, in a plea of assumpsit for work done by Malvina, his wife. There is therefore no variance.
Affirm the judgment.